Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com



**FILED**
Apr 04 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ charlest   DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Peter Strojnik, | Case No.: '22CV452 TWR AHG |
|---|---|
| Plaintiff, | **Verified Complaint For Violations Of:** |
| vs. | Americans with Disabilities Act and |
| Express, LLC | Unruh Civil Rights Act |
| Defendant. | |

Plaintiff complains and alleges as follows:

### Parties

1. Plaintiff is a 69 year old disabled ADA Tester.

2. Plaintiff suffers from physical impairments including a missing right knee, spinal stenosis, long Covid 19 pulmonary embolism, pleurisy, arthritis and cancer. The effects of the missing right knee, spinal stenosis and pulmonary embolism have been mitigated with a prosthetic knee, nerve blocking and medications, respectively. The mitigations have resulted in secondary impairments of limited flexion and tibio-femoral rotation in the right knee and excessive external bleeding. The effects of spinal stenosis and pleurisy are episodic, but arthritis remains constant and progressive.

3. A determination whether episodic or remissive impairments substantially limit major life activities is a disability if it would substantially limit a major life activity when active when active. 42 U.S.C. §1212(4)(D). A determination whether an impairment substantially limits major life activities is made without regard to the ameliorative

1

effects of mitigating measures, such as those used by Plaintiff and listed in 42 U.S.C. §12102(4)(E)(i)(I).

4. Plaintiff's disabilities, individually and in combination, substantially limit major life activities of walking, entering doors, pushing, pulling, climbing stairs, reaching, grabbing, and other musculoskeletal endeavors requiring the use of a knee, spine, shoulders, elbows, hands or lungs.

5. The term "substantially limit" must be interpreted consistent with the findings and purposes of the ADA Amendment Act of 2008, 42 U.S.C. §12102(4)(A)&(B), that is, "[a]n impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity". 28 C.F.R. (d)(1) (v).

6. Plaintiff's impairments identified in ¶¶2-5 above are cumulatively defined as "ADA Disability" and require the use of a wheelchair.

7. Defendant owns a public accommodation located at 3451 S Dogwood Road, El Centro, CA 92243 ("Facility").

8. The Facility is open to the public, a place of public accommodation, and a business establishment.

**Jurisdiction and Venue**

9. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

12. Plaintiff specifically alleges that 28 U.S.C. §1367(c)(4) does not apply to the Unruh supplemental claim because:

2

a. Cal. Civ. Code §425.55 provide for lesser and unequal protections to disabled individuals than Part 36 of the Code of Federal Regulation. The application of lesser and unequal protections under §425.55 are expressly pre-empted by 28 C.F.R.103(c); and

b. California's procedures in Cal. Civ. Code §425.55 providing for lesser and unequal procedural protections to disabled individuals were designed to regulate attorneys and not pro-se litigants.

### Facts

13. Plaintiff visited the Facility on March 12, 2022 with the intention to avail himself of their goods or services and motivated in part to determine if the Defendant complies with the disability access laws.

14. Unfortunately, on the date of the plaintiff's visit, Plaintiff discovered that the Facility was not compliant with the disability access laws in conformance with the ADA as it relates to Plaintiff's ADA Disability:

a. The access between rows of merchandise had a clear width of less than 32". This made the shopping between rows of merchandise more difficult and in some instances impossible to navigate:



b. Accessible portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor is not provided:

3



c. The bench in the fitting room was not fixed and fails to provide back cupport which made it more difficult to use the bench without it moving:



15. These barriers relate to and impact Plaintiff's Disability. Plaintiff personally encountered these barriers.
16. The barriers interfered with Plaintiff's full and equal enjoyment of the Facility because the barriers made it more difficult for Plaintiff to access the Facility.
17. The failure to provide accessible features created difficulty and discomfort for the Plaintiff.
18. Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.
19. The barriers identified above are easily removed without much difficulty or expense.
20. Plaintiff is often in the area where the Facility is located.
21. Plaintiff will return to the Facility to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Facility is accessible. Plaintiff is currently deterred from doing so because of

4

his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

22. Given the obvious and blatant nature of the barriers and violations alleged herein, Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**First Cause of Action: ADA**
(42 U.S.C. section 12101, et seq.)

23. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.
24. Plaintiff has a legal right to not be discriminated on the basis of his disabilities in the full and equal enjoyment of goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation. 42 U.S.C. §12182(a).
25. A public accommodation is prohibited from utilizing standards, criteria or methods of administration that have the effect of discriminating on the basis of Plaintiff's disabilities. 42 U.S.C. §12182 (b)(1)(D)(i).
26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:
   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless

the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

27. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

28. Here, the failure to ensure that the accessible facilities were available and ready to be used by Plaintiff is a violation of the law.

## Second Cause of Action: Unruh
(Cal. Civ. Code § 51-53.)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

30. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

31. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

32. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## Prayer for Relief

33. Plaintiff prays that this Court award damages and provide relief as follows:

a. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.
b. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.
c. For costs of suit and litigation expenses pursuant to 42 U.S.C. §12205.
d. In the event Plaintiff hires counsel, for reasonable attorney fees pursuant to 42 U.S.C. § 12205.

### Request for Jury Trial

Plaintiff requests a trial by a jury.

I verify under the penalty of perjury that the above statements of fact are true and correct to the best of my knowledge, memory or belief.

DATED this 30th day of March, 2022.

*/s/ Peter Strojnik*
Peter Strojnik