UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>        Plaintiff,<br><br>v.<br><br>EXPRESS, LLC,<br><br>        Defendant. | Case No.: 22-CV-452 TWR (AHG)<br><br>**ORDER REJECTING COMPLAINT PURSUANT TO PREFILING ORDER**<br><br>(ECF No. 1) |

   Presently before the Court is Plaintiff Peter Strojnik's Verified Complaint for Violations of Americans with Disabilities Act and Unruh Civil Rights Act ("Compl.," ECF No. 1) against Defendant Express, LLC (the "Facility"), which was randomly assigned to the undersigned for a determination of whether it should be accepted for filing pursuant to the Honorable Larry Alan Burns' Original (ECF No. 27 (the "Sept. 2021 Order")) and Amended (ECF No. 41 (the "Apr. 2022 Order")) Orders (1) Granting in Part and Denying in Part Defendant's Motion to Declare Plaintiff a Vexatious Litigant and Impose Pre-Filing Restrictions; and (2) Granting Defendant's Request for Attorney's Fees in *Strojnik v. 1315 Orange, LLC*, No. 19-CV-1991 LAB (JLB) (S.D. Cal.) (together, the "Prefiling Order"). As documented in Judge Burns' September 2021 Order, Mr. Strojnik had been disbarred by the State Bar of Arizona and declared a vexatious litigant in at least three jurisdictions— the United States District Courts for the Northern District of California, the Central District

of California, and the District of Arizona[1]—for filing frivolous ADA complaints. (*See generally* Sept. 2021 Order at 10–13.) Judge Burns therefore declared Mr. Strojnik a vexatious litigant and entered a narrowly tailored Prefiling Order, (*see id.* at 14), pursuant to which:

> Strojnik is enjoined from filing any civil action in the Southern District of California that alleges a cause of action for a violation of the ADA without first obtaining certification from this Court that his claims plausibly allege Article III standing and are not frivolous or asserted for an improper purpose. To the extent Strojnik wishes to file a complaint that challenges access to public accommodations, Strojnik must provide a copy of the complaint, a letter requesting that the complaint be filed, a copy of the September 29, 2021 Order, and a copy of this Order to the Clerk of the Court. The Clerk shall randomly assign the case to a District Judge in accordance with normal procedure, and shall forward the complaint, letter, a copy of the September 29, 2021 Order, and a copy of this Order to the assigned District Judge for a determination of whether the complaint should be accepted for filing.

(*See* Apr. 2022 Order at 1–2.) Although the Court did not receive a Mr. Strojnik's letter to the Clerk of the Court, the Court gives Mr. Strojnik the benefit of the doubt and assumes that he complied with the procedural requirements of the Prefiling Order, as he did in another recently filed case, *Strojnik v. Buffalo Wild Wings, LLC*, No. 22-CV-440 TWR (MDD) (S.D. Cal. filed Mar. 18, 2022). Nonetheless, the Court **REJECTS** Mr. Strojnik's Complaint for failure plausibly to allege Article III standing and as "asserted for an improper purpose."

First, as Mr. Strojnik is by now very well aware, "an ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating

---

[1] Although Judge Burns noted that Mr. Strojnik had been declared a vexatious litigant in the Northern and Central Districts of California, the Court has found that Mr. Strojnik has also been declared a vexatious litigant in the District of Arizona. *See Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456, at *1 (D. Ariz. Jan. 6, 2021), *order amended on reconsideration*, No. CV-20-01532-PHX-DJH, 2021 WL 2454049 (D. Ariz. June 16, 2021). The Court has not researched whether Mr. Strojnik has been declared a vexatious litigant in any additional jurisdictions, federal or state, trial or appellate.

injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011) (en banc). "[T]o suffer an injury-in-fact arising from an actual encounter with a barrier, an ADA plaintiff must establish that the barrier *relates to* his disability." *Strojnik v. Host Hotels & Resorts, Inc.*, No. CV 19-00136 JMS-RT, 2020 WL 2736975, at *3 (D. Haw. May 26, 2020) (quoting *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 906722, at *2 (N.D. Cal. Feb. 25, 2020) (emphasis in original) (citing *Chapman*, 631 F.3d at 947 n.4)) (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 n.7 (9th Cir. 2008)). Alternatively, under the "deterrent effect doctrine," *see Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) ("*CREEC*") (citing *Chapman*, 631 F.3d at 949–50), "[s]o long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* at 1099 (quoting *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002)). In either instance, the plaintiff must also "demonstrate[] an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (citing *Pickern*, 293 F.3d at 1138); *see also CREEC*, 867 F.3d at 1099; *Doran*, 524 F.3d at 1040; *Pickern*, 293 F.3d at 1138.

Even assuming the truth of Mr. Strojnik's verified allegations, they fail under either standard for Article III standing. For example, although Mr. Strojnik alleges that he "is often in the area where the Facility is located," (*see* Compl. ¶ 20), it is unclear why Mr. Strojnik—a resident of Phoenix, Arizona—is frequently in El Centro, California; whether he has concrete plans to return to El Centro; or why he desires to visit the Facility, a chain stores with multiple locations in both Southern California and Arizona, in particular. *See, e.g.*, *D'Lil*, 538 F.3d at 1037; *Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 665–66 (N.D. Cal. 2019); *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1079–80 (D. Haw. 2000). Mr. Strojnik therefore fails adequately to allege Article III standing.

1  Second, even if Mr. Strojnik had adequately alleged Article III standing, the Court would also reject his Complaint as asserted for an improper purpose. (*See* Apr. 2022 Order at 1.) Nothing in the instant Complaint distinguishes it from the thousands of ADA complaints Mr. Strojnik has filed across the country over the past six years, which Judge Burns concluded were filed without "a good-faith basis . . . and . . . with the intention of harassing defendants and extorting settlements out of them[,]" which "not only [has] imposed a significant strain on the court system, but . . . has also resulted in the harassment of numerous establishments across various jurisdictions." (*See* Sept. 2021 Order at 12–13; *see also generally id.* at 8–13.) It would therefore appear that this action is merely a continuation of Mr. Strojnik's well-documented "abuse of the judicial process" and "exploitative behavior." (*See id.* at 13.)

For these reasons, upon consideration of the instant Complaint and Mr. Strojnik's letter requesting permission to file it, the Court **REJECTS** the Complaint pursuant to Judge Burns' Prefiling Order for failure adequately to allege Article III standing and as asserted for an improper purpose. Accordingly, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: April 18, 2022

_____
Honorable Todd W. Robinson
United States District Judge